IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 17-06765 (ESL) |
| BRIAN J. CASAIS GARCIA | CHAPTER 7 |
| Debtor | |
| OFFICE OF THE ELECTION COMPTROLLER | |
| Plaintiff | ADV. PROC. NO. 18-0010(ESL) |
| vs. | |
| BRIAN J. CASAIS GARCIA | |
| Defendant | |

**OPINION AND ORDER**

This adversary proceeding is before the court upon the motion for summary judgment filed by the plaintiff, the Office of the Election Comptroller of Puerto Rico ("Comptroller") and the opposition by Brian J. Casais Garcia ("Debtor" or "Defendant"). The Comptroller seeks a determination that a debt owed by the Defendant to the Plaintiff as a result of a final and unappealable administrative fines or penalties, is nondischargeable under 11 U.S.C. § 523(a)(7). The Defendant's initial response argued that the Comptroller filed a late claim. The court denied the terse response because it did not address the merits of the Comptroller's motion for summary judgment and granted the Defendant fourteen (14) days to supplement the same. The court also stated that it found that there appeared to be no material facts in controversy and that Plaintiff may be entitled to judgment as a matter of law. The Defendant supplemented the response arguing matters relative to objection to claims and the need to file a proof of claim under oath. Plaintiff answered and stated that Defendant's "arguments are confusing and irrelevant that it has been a challenge to understand them." Plaintiff argued that all the facts established in Plaintiff's Statement of Uncontested Material Facts must be deemed admitted as the Defendant has not

-1-

opposed the same; and that the Defendant "did not rebut that, as a matter of law, the debt object of the Complaint is non-dischargeable." The court agrees with the Comptroller's assertions and, for the reasons stated below, grants the Comptroller's motion for summary judgment.

The Comptroller alleges that:

"The Office of the Election Comptroller is a governmental unit created under Law 222-2011, as amended. Law 222-2011, as amended, establishes that "[t]he jurisdiction over matters related to the oversight of political campaign funding shall be transferred to the Office of the Election Comptroller herein created. Furthermore, said Office is hereby vested with the necessary and convenient powers to carry out an effective oversight and thus enforce the provisions of this Act [Law 222-2011]". Section 2.001 of Law 222-2011, as amended.16 L.P.R.A. sec. 621, Public Policy Statement. The Bankruptcy Code defines the term "governmental unit" to mean "United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States...a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government." See,11 U.S.C. § 101(27).As per the provisions of Law 222-2011, as amended, specifically, Section 13.006, any administrative fines or penalties go to the Special Fund for Election Campaign Financing1, respectively.16 L.P.R.A. sec. 633f. 11Under Section 9.003 of Law 222-2011, as amended, the "Secretary of the Treasury shall be responsible for the operation of the Special Fund for Campaign Expenditures and the custody of the money deposited therein". 16 L.P.R.A. sec. 629d.

It is uncontested that for the elections of the year 2016, the Debtor ran for Mayor of the Municipality of Manatí, Puerto Rico as candidate for the Popular Democratic Party. As candidate, the Debtor had the legal obligation to keep a detailed accounting of all contributions received and expenses incurred and render certain period reports at the Office of the Election Comptroller. Specifically, Section 7.000 of Law 222-2011, as amended, provides:

Section 7.000.-Accounting and Reports of Other Income and Expenditures.- (a) Every political party, aspirant, candidate, elected official, or the authorized agent, representative, or through its campaign committee, or authorized committees and political action committee, shall keep a complete and detailed record of every contribution or gift received within and without Puerto Rico, and of any expenditure incurred including those chargeable to the Election Fund and to Special Fund for Financing Election Campaigns and shall file quarterly reports under oath that contain a list of such contributions or gifts and expenditures, the date in which they were received or incurred, the full name and address of the person who made the contribution or on whose behalf the payment was made, as well as the purpose of

the expenditure made. This requirement shall not apply to aspirants and/or candidates for municipal legislator, unless they raise money or incur expenditures for election related purposes, in which case they shall register a campaign committee and comply with the requirements made to the same. The municipal committees, together with their mayor shall jointly file the report required by this Section as the same may be designed by the Office of the Election Comptroller. Those candidates and committees that do not receive contributions nor incur expenditures shall file negative reports.16 L.P.R.A. sec. 627a. In the exercise of its powers, conferred by Section 13.006 of Law 222-2011, as amended,16 L.P.R.A. sec. 633f, the Office of the Election Comptroller imposed two administrative fines upon Defendant: Administrative Fines Nos. OCE-NMA-2016-221 and OCE-NMA-2016-273.(i)Administrative Fine No. OCE-NMA–2016-221Notice of Administrative Fine No.OCE-NMA-2016-221 imposed penalties upon Defendant in the amount of $2,500 for having committed Infraction No. 3 of Regulation No. 14 regarding the imposition of Administrative Fines before the Office of the Election Comptroller, upon failing to reply to a request for information made within the Office of the Election Comptroller's investigation or adjudicative process."

In addition, the Comptroller detailed the basis for a finding that the fines imposed are nondischargeable as follows:

"The administrative fines in question are not compensation for actual pecuniary loss. The administrative fines imposed by the Office of the Election Comptroller are an instrument directed to ensure compliance with the public policy established in the Puerto Rico Political Campaign Financing Oversight Act, providing the election process with the necessary transparency that will preserve its integrity. Section 2.001 of Law 222-2011, as amended, Public Policy Statement("Furthermore, the necessary entities and instruments are hereby created to ensure compliance with this public policy and to provide the process with the necessary transparency to preserve its integrity".). To achieve said public policy, the jurisdiction over matters related to the oversight of political campaign funding were transferred from the Commonwealth Election Commission to the Office of the Election Comptroller. Id. The Notices of Administrative Fines before the Court establish that the fines were not calculated according to "proof of actual pecuniary loss". As per the contents of the now final and unappealable Notices of Administrative Fines, the fines are penalties for failure to reply to a request for information by the Office of the Election Comptroller. Hence, the Administrative Fines in question are not compensation for actual pecuniary loss within the meaning of§ 523(a)(7). The third requirement of § 523(a)(7)has been satisfied. Both Notices of Administrative fines became final and unappealable because the Defendant never sought reconsideration or requested the initiation of an adjudicative

procedure, as apprised in the Notices of Administrative Fines. (SUMF 4 and 7) As of this date, Defendant still owes the fines to the Office of the Election Comptroller."

The comptroller concludes that: "11 USC § 523(a)(7) makes non-dischargeable any 'fine, penalty or forfeiture payable to and for the benefit of a governmental unit, and [which] is not compensation for actual pecuniary loss.' 11 U.S.C. §523(a)(7).The Complaint presents a pure legal question and warrants entry of summary judgment in favor of the Office of the Election Comptroller."

### Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; see also, In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). See also: In re Román-Perez, 527 B.R. 844, 855 – 856, (Bankr. D.P.R. 2015); In re Otero Rivera, 511 B.R. 6 (Bankr. D.P.R. 2014); and In re Lopez, 492 B.R. 595 (Bankr. D.P.R. 2013).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." Wright, Miller & Kane, Federal Practice and Procedure, 3d, Vol 10A, § 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id. at 202–203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id. at 205–206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute, thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560–61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958, 111 S.Ct. 387, 112 L.Ed.2d 397 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325, 106 S.Ct. 2548. See also Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josephthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also, Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159, 90 S.Ct. 1598.

**Discussion**

The Debtor /Defendant has failed to contest the factual allegations and the legal provisions relevant to the determination that the debt with the Comptroller is nondischargeable. The opposition, as supplemented, is based on irrelevant legal arguments regarding the proper procedure to file a proof of claim and fails to address the dischargeability provisions in 11 U.S.C. § 523(a)(7), which are the basis for the complaint and the motion for summary judgment. This failure is not excusable considering the three prior orders entered in this adversary proceeding on the subject. The same are detailed below.

The order entered on June 19, 2018 (dkt. #20) states that "[t]he motion to dismiss the complaint as untimely filed is hereby denied. The complaint prays for the determination of dischargeability pursuant to 11 U. S. C. § 523(a)(7). A proceeding to determine the dischargeability of a debt other than under §523 (c) may be filed at any time. See Rule 4007(b) of the Fed. R. Bankr. P. The time limitations in Rule 4007 (c or d) are not applicable to the action before the court." The court specifically addressed the dischargeability issue in this order.

The minutes of the preliminary pretrial held on July 20, 2018 (dkt. #34) include a statement that the facts of the case do not seem to be complex and that the legal issue of dischargeability under section 523(a)(7) hinges on the following cases: In re Maldonado, 2013 WL 6860807 (Bankr. D.P.R. December 27, 2013); Richmond v. New Hampshire Supreme Court Committee On Professional Conduct, 542 F.3d 913 (1st Cir. 2008); and In re Morgenstern, 2017 WL 6728491, December 28, 2017 (Bankr.D.N.H.2017). These cases directly address the legal issue of dischargeability under section 523(a)(7), which controls the outcome of this case.   The Debtor/Defendant did not mention any of the cases nor the dischargeability factors in his opposition to the motion for summary judgment fled by the Comptroller.

On October 12, 2018 the court entered an order (dkt. #42) denying the Defendant's opposition to Plaintiff's motion for summary judgment "without prejudice to the same being supplemented within fourteen (14) days with legal support for the allegations in the same. Upon failure to comply, the motion for summary judgment may be granted as there appear to be no material facts in controversy and that Plaintiff may be entitled to judgment as a matter of law. See minutes of July 20, 2018 (docket #34). If Defendant files a timely supplement, Plaintiff is granted twenty-one (21) days to reply to the same." The amended opposition referenced only proof of claim issues and no reference to section 527(a)(7) was included.

Defendant's failure to address the facts or the legal basis of the complaint or the motion for summary judgment is inexplicable.

The factual allegations in the motion for summary judgment filed by the Comptroller are uncontested and duly supported, The same show that the amount owed for fine, penalty or forfeiture payable to and for the benefit of a governmental unit, and which is not compensation for actual pecuniary loss and come within the scope of 11 U.S.C. §523(a)(7).

## **CONCLUSION**

In view of the foregoing, the court grants summary judgment against the Defendant Brian J. Casais-García determining the existence of the debt and that the debt owed by the Debtor to Plaintiff is non-dischargeable in this bankruptcy case under section 523(a)(7). Consequently, the Debtor shall satisfy the debt to the Comptroller.

In addition, as requested by the Plaintiff/Comptroller, the court awards of costs and fees incurred in this proceeding, finding that the opposition, as supplemented, is frivolous.

Judgment will be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 8th day of April 2020.

Enrique S. Lamoutte
United States Bankruptcy Judge